UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| THE FLORIDA DEMOCRATIC PARTY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEN DETZNER, SECRETARY OF STATE, STATE OF FLORIDA; BRENDA C. SNIPES, SUPERVISOR OF ELECTIONS, BROWARD COUNTY, FLORIDA; PENELOPE TOWNSLEY, SUPERVISOR OF ELECTIONS, MIAMI-DADE COUNTY; SUSAN BUCHER, SUPERVISOR OF ELECTIONS, PALM BEACH COUNTY;<br><br>　　　　　　Defendants. | Civ. No. _____<br><br>**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF** |

　　　　Plaintiff, Florida Democratic Party ("FDP"), by and through the undersigned attorneys, files this emergency action to obtain a temporary restraining order and immediate injunctive relief. Plaintiff alleges upon knowledge as to itself and upon information and belief as to all others as follows:

**NATURE OF ACTION**

　　　　1.　　This is an emergency action for a temporary restraining order and injunctive relief to compel Defendants to take such steps as are necessary to allow all Florida electors within Broward County, Miami-Dade County, and Palm Beach County a meaningful opportunity to cast their votes in the November 6, 2012, general election in light of the prohibitively long lines at certain early voting sites within these Counties. These extraordinary lines, as evidenced in the attached Declarations, have required voters to stand in line for many hours to exercise their right to vote – and in some cases have deterred or prevented voters from casting their ballots. In

many cases the lines exceed 6 to 7 hours. The extensive lines are the result of polling facilities that are inadequate to meet the needs of Florida electors during the early voting period provided under Florida law, Fla. Stat. § 101.657. A temporary restraining order and emergency injunctive relief are required to ensure that Florida electors are not deprived of their substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and to ensure that they have a meaningful opportunity to exercise their voting rights under the Florida Constitution, Art. I §§ 1-2 and Art. VI, §§ 1-2, and Florida's early voting statute, Fla. Stat. § 101.657. The relief requested would reflect the practical administrative issues that may be involved in the extension of hours at multiple early polling sites, while offering at least the State's own offices to those voters seeking the opportunity, denied to them by long lines, to participate in early voting.

## PARTIES

2.    Plaintiff, the Florida Democratic Party ("FDP"), is a political party recognized by Florida law (Fla. Stat. § 103.091). The FDP is the Florida organization of the national Democratic Party and is the duly authorized statewide organization representing Democratic candidates and voters throughout the State of Florida within the meaning of Fla. Stat. §103.121 and all other applicable provisions of the election laws. Millions of Floridians are registered Democrats, and many other Floridians support Democratic nominees. The FDP engages in vitally important and lawfully protected activities, including supporting the Democratic Party candidates in national, state, and local elections; protecting the legal rights of voters; and ensuring that all voters have a meaningful ability to cast ballots at the polling places of Broward, Miami-Dade, and Palm Beach Counties and throughout Florida.

3. Defendant Ken Detzner is the Secretary of State for the State of Florida and is joined in his official capacity as a party to this action.  Under Florida law, Fla. Stat. § 97.012, Defendant Detzner is the chief election officer of the State of Florida, including with respect to the general election on November 6, 2012, which includes the early voting period provided for by Fla. Stat. § 101.657.

4. Defendant Brenda C. Snipes resides in and is the Supervisor of Elections for Broward County and is joined in her official capacity as a party to this action. Under Florida law, Defendant Snipes has the duty to conduct the national, state, and local elections for Orange County, including the general election on November 6, 2012, and directs other election officials and personnel including, without limitation, the election boards, inspectors and clerks that conduct voting in the individual polling places of Broward County, Florida.  Fla. Stat. § 98.015.  Under Florida law, Defendant Snipes is responsible for administering early voting within Broward County.  Fla. Stat. § 101.657(1)(a).

5. Defendant Penelope Townsley resides in and is the Supervisor of Elections for Miami-Dade County and is joined in her official capacity as a party to this action. Under Florida law, Defendant Townsley has the duty to conduct the national, state, and local elections for Orange County, including the general election on November 6, 2012, and directs other election officials and personnel including, without limitation, the election boards, inspectors and clerks that conduct voting in the individual polling places of Miami-Dade County, Florida.  Fla. Stat. § 98.015.  Under Florida law, Defendant Townsley is responsible for administering early voting within Miami-Dade County.  Fla. Stat. § 101.657(1)(a).

6. Defendant Susan Bucher resides in and is the Supervisor of Elections for Palm Beach County and is joined in her official capacity as a party to this action. Under Florida law,

Defendant has the duty to conduct the national, state, and local elections for Orange County, including the general election on November 6, 2012, and directs other election officials and personnel including, without limitation, the election boards, inspectors and clerks that conduct voting in the individual polling places of Palm Beach County, Florida.  Fla. Stat. § 98.015.  Under Florida law, Defendant Bucher is responsible for administering early voting within Palm Beach County.  Fla. Stat.  § 101.657(1)(a).

## JURISDICTION AND VENUE

7. This is an action pursuant to 42 U.S.C. § 1983.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

9. Florida law, § 101.657(1)(a), provides for early voting at polling sites designated by the Supervisor of Elections in each County.

10. As the accompanying declarations demonstrate, the lines at certain polling sites within Broward, Miami-Dade, and Palm Beach Counties were prohibitively long, requiring Florida electors seeking to exercise their right to vote within these Counties to stand in line for many hours.  In many cases, the lines exceed 6-7 hours.

11. On information and belief, the lines and delays at certain early voting sites in these Counties were substantially longer than elsewhere in the State.

12. The voting facilities within these Counties were plainly inadequate to meet the needs of County electors seeking to exercise their right to vote during the early voting period provided by Florida law.

13. The extraordinarily long lines deterred or prevented voters from waiting to vote. Some voters left the polling sites upon learning of the expected wait, and others refused to line up altogether.

14. These long lines and extreme delays unduly and unjustifiably burdened the right to vote.

15. Multiple requests have been made, including by Monroe County Supervisor of Elections, Harry Sawyer, to have the Governor extend early voting hours in light of the large numbers of Florida electors seeking to exercise their early voting rights and the resulting extremely long lines. *See* www.miamiherald.typepad.com/nakedpolitics/2012/11/nelson-joins-call-to-scott-to-extend-early-voting-hours-amid-four-hour-wait.html.

16. Supervisor Sawyer based his November 2 request for extended early voting on "extended lines at early voting sites." *See* www.miamiherald.typepad.com/files/sawyer-letter.pdf.

17. These facts demonstrate that Defendants failed to provide facilities adequate to ensure that Florida electors had a meaningful opportunity to cast their vote during the early voting period of the November 6, 2012, general election.

18. A temporary restraining order and emergency injunctive relief are warranted because (a) Plaintiff is likely to prevail on the merits, given the strong interest in protecting and effectuating the right to vote; (b) Plaintiff has no adequate remedy at law and, without the relief requested, will suffer irreparable harm; (c) the balance of hardships weighs strongly in favor of

the voters whose rights will be irreparably injured; and (d) the public interest in furthering the right to vote, as recognized in federal and Florida law is clear.

## CAUSES OF ACTION

### Violation of U.S. Constitution

19. Plaintiff realleges paragraphs 1 through 18 as if fully stated here.

20. Defendants, by their actions as described above, have violated the Fifth and Fourteenth Amendments to the U.S. Constitution, by depriving Florida electors of a meaningful opportunity to exercise their right to vote during the early voting period of the November 6, 2012 general election in violation of their substantive due process rights.

21. Plaintiff lacks an adequate remedy at law.

### Violation of Florida Constitution

22. Plaintiff realleges paragraphs 1 through 18 as if fully stated here.

23. Defendants, by their actions as described above, have violated Florida's Constitution, Art. I, §§ 1-2 and Art. VI, §§ 1-2 by depriving Florida electors of a meaningful opportunity to exercise their right to vote during the early voting period of the November 6, 2012 general election.

24. Plaintiff lacks an adequate remedy at law.

### Violation of Florida Statutes §101.657

25. Plaintiff realleges paragraphs 1 through 18 as if fully stated here.

26. Defendants, by their actions as described above, have violated Fla. Stat. § 101.657 by depriving Florida electors of a meaningful opportunity to exercise their right to vote during the early voting period of the November 6, 2012 general election

27. Plaintiff lacks an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(A)     Enter a temporary restraining order and issue an immediate injunction:

(i)     ordering Defendants to take such steps as are necessary in Broward, Miami-Dade, and Palm Beach Counties to allow Florida electors a meaningful opportunity to cast their votes during the early voting period of the November 6, 2012, general election, including, without limitation, by allowing in-person absentee ballot voting at the offices of the respective County Supervisor of Elections through November 6, 2012.

(ii)     ordering Defendants to provide public notice of these extended voting opportunities by notifying all local media of the extension and by posting notice of the extension at all open election sites;

(B)     Granting Plaintiff such other relief as justice may require.

Dated: November 4, 2012.

By:

/s/ Kendall B. Coffey
Kendall B. Coffey, Esq.
Florida Bar No. 259861
KCoffey@coffeyburlington.com
Coffey Burlington PL
2699 S Bayshore Drive PH
Miami, FL 33133-5408
(305) 858-2900

/s/Michael S. Olin
Michael S. Olin, Esq.
Florida Bar No. 220310
molin@olinlawfirm.com
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No. 84179
afw@olinlawfirm.com
Michael S. Olin, P.A.
169 E Flagler Street, Suite 1224
Miami, FL 33131-1205
(305) 677-5088

/s/ Bruce S. Rogow
Bruce S. Rogow, Esq.
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard, Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

/s/ Seth E. Miles
David Buckner, Esq.
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esq.
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard, 11th Fl
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiff's COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF was served by electronic mail this 4th day of November, 2012 to:

> KEN DETZNER
> SECRETARY OF STATE
> STATE OF FLORIDA
> Daniel Nordby Daniel.nordby@dos.myflorida.com
> 850-294-8018
>
> BRENDA C. SNIPES
> SUPERVISOR OF ELECTIONS
> BROWARD COUNTY, FLORIDA
> Burnadette Norris-Weeks – lawyer@fdn.com
> 954-768-9770
>
> PENELOPE TOWNSLEY
> SUPERVISOR OF ELECTIONS
> MIAMI-DADE COUNTY
> Oren Rosenthal – orosent@miamidade.gov
> 305-877-1012 (cell); 305-375-2828 (O)
>
> SUSAN BUCHER
> SUPERVISOR OF ELECTIONS
> PALM BEACH COUNTY
> susanbucher@pbcelections.org
> 561-707-6848 (cell)
> Ken Spillias – kspillias@llw-law.com

*s/Alaina Fotiu-Wojtowicz*
Alaina Fotiu-Wojtowicz
