UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by AOS D.C.

NOV 05 2012

STEVEN M. LARIMORE
CLERK U S DIST. CT.
S. D of FLA. – MIAMI

| | |
|---|---|
| THE FLORIDA DEMOCRATIC PARTY,<br><br>Plaintiff,<br><br>v.<br><br>KEN DETZNER, SECRETARY OF STATE, STATE OF FLORIDA; BRENDA C. SNIPES, SUPERVISOR OF ELECTIONS, BROWARD COUNTY, FLORIDA; PENELOPE TOWNSLEY, SUPERVISOR OF ELECTIONS, MIAMI-DADE COUNTY; SUSAN BUCHER, SUPERVISOR OF ELECTIONS, PALM BEACH COUNTY;<br><br>Defendants. | Civ. No. 12cv-24000<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF** |

Plaintiff, The Florida Democratic Party ("FDP"), offers the following arguments and authorities in support of its Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunctive Relief and would respectfully show the Court as follows:

This emergency arises from extraordinary delays at certain early voting sites throughout Broward, Miami-Dade, and Palm Beach Counties, necessitating the Court's urgent remedy to ensure that all electors have a meaningful opportunity to cast their vote.

As a result of long lines and prohibitive delays at certain early voting sites, voters were denied a meaningful opportunity to cast their ballots within a reasonable period of time. Accordingly, it is essential that this Court grant relief in the form of an emergency order directing the Supervisors of Elections in Broward, Miami-Dade, and Palm Beach Counties to take such steps as are necessary to allow Florida electors a meaningful opportunity to exercise their right to cast their

votes, including, without limitation, by allowing in-person absentee ballot voting at Defendants' offices through November 6, 2012. The relief requested would reflect the practical administrative issues that may be involved in the extension of hours at multiple early polling sites, while offering at least the State's own offices to those voters seeking the opportunity, denied to them by long lines, to participate in early voting.

A temporary restraining order and emergency injunctive relief are required to ensure that Florida citizens have a meaningful opportunity to exercise their voting rights under the Florida Constitution, Art. I, §§ 1-2, and Art. VI §§ 1-2 and Florida's early voting statute, Fla. Stat. § 101.657, and to ensure that they are not deprived of their substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution

## Background

There have been extraordinary, hours-long lines at many early voting sites in these Counties. These serious delays serve to effectively deny voters their right to vote in violation of the U.S. Constitution, the Florida Constitution, and Florida law.

Defendants are unconstitutionally burdening the fundamental right to vote guaranteed by the U.S. Constitution. "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). The Supreme Court has articulated a balancing test to determine when a state's regulatory interests justify restrictions on the right to vote, balancing "the character and magnitude of the asserted injury" against "the precise interest put forward by the State as justifications for the burden imposed." *See Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

Here, the character and magnitude of the injury to the fundamental right to vote is palpable and severe. By contrast, there is *no* state interest to balance against this extreme burden on the fundamental right to vote. To the contrary, Florida law specifically provides for early voting. *See* Fla. Stat. § 101.657.

Defendants, by their actions as described above, have also violated Florida's Constitution, Art. I, §§ 1-2 and Art. VI, §§ 1-2, as well as Fla. Stat. § 101.657 by depriving County residents of a meaningful opportunity to exercise their right to vote during the early voting period of the November 6, 2012, general election.

### Need for Immediate Action

The extreme and inordinate delays that have confronted voters appearing at the polls have unconstitutionally burdened the right to vote. For example, voters have had to wait for hours and hours, and some have left the polling places after being unable to vote and unable to wait in line any longer. *See* Exhibits attached to Complaint. The prohibitively long lines have caused significant delays at polling places around the State; in numerous cases the lines exceeded 6 to 7 hours. The Governor previously declined to extend early voting, despite multiple requests based on long lines and lengthy delays, including a request on November 2 by the Monroe County Supervisor of Elections.

This Court has the power and duty to act to prevent the disenfranchisement of voters in our community. In the Eleventh Circuit, a TRO or preliminary injunction is appropriate where the movant demonstrates that: "(a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d)

the TRO or preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). Those requirements are met here.

Florida law has long emphasized that the opportunity afforded the electorate to participate in the electoral process is the transcendent issue that must guide this Court's examination. The "primary consideration in an election contest is whether the will of the people has been effected." *Boardman v. Esteva*, 323 So.2d 259, 269 (Fla. 1975). *See also Beckstrom v. Volusia County Canvassing Board*, 707 So.2d 720, 724 (Fla. 1998).

It is axiomatic that "[t]he right to vote is the very essence of democracy." *Diaz v. Board of County Commissioners of Dade County*, 502 F. Supp. 190, 193 (S.D. Fla. 1980). *See also In re the Matter of the Protest of Election Returns and Absentee Ballots in the November 4, 1997 Election for the City of Miami*, 707 So.2d 1170, 1174 (Fla. 3rd DCA 1998) ("sanctity of free and honest elections is the cornerstone of a true democracy"); *Palm Beach County Canvassing Board v. Harris*, 772 So.2d 1273, 1282 (Fla. 2000) ("In this state, at least since 1847, the right to elect the President of the United States has been firmly vested in the citizens of this State by the Legislature.").

While the early voting period is a function of legislative enactment, Florida law is clear that "[e]lection laws should be construed liberally in favor of the right to vote . . ." *State ex. Rel. Whitley v. Rinehart*, 192 So. 819, 823 (Fla. 1940). Given the delays that have infringed on the right to vote during this period, extending the early voting period by allowing in-person absentee ballot voting at the offices of the respective County Supervisor of Elections through November 6, 2012, or providing other appropriate relief as sought in the accompanying Complaint, will ensure that the core rights in this democracy are safeguarded.

The public interest can only be served through reasonable accommodations made to protect the right to vote and, conversely, would be harmed by the enforcement of arbitrary time limitations that undermine that right. In this instance, the promotion of the public interest in this community will be achieved through a reasonable extension of early voting by absentee ballot, given the substantial delays that have already prevented voters from casting ballots.

Established principles of U.S. constitutional law and Florida law, as well as principles of equity, mandate a grant of relief to the voters in these counties, given the extreme delays experienced in this early voting period and the likelihood that scores of voters would be permanently disenfranchised from voting in the 2012 general election without this relief.

As the Florida Supreme Court has made clear:

> [T]he real parties in interest here, not in the legal sense but in realistic terms, are the voters. They are possessed of the ultimate interest and it is they whom we must give primary consideration. The contestants have direct interests certainly, but the office they seek is one of high public service and of utmost importance to the people thus subordinating their interests to that of the people. Ours is a government of, by and for the people. Our federal and state constitutions guarantee the right of the people to take an active part in the process of that government, which for most of our citizens means participation via the election process. The right to vote is the right to participate; it is also the right to speak, but more importantly, the right to be heard. We must tread carefully on that right or we risk the unnecessary and unjustified muting of the public voice. By refusing to recognize an otherwise valid exercise of the right of a citizen to vote for the sake of sacred, unyielding adherence to statutory scripture, we would in effect nullify that right.

*Boardman*, 323 So.2d at 263. *Accord Beckstrom v. Volusia County Canvassing Board*, 707 So.2d 720, 724 (Fla. 1998) (quoting above language as reiteration of principles).

## CONCLUSION

WHEREFORE, Plaintiff requests that this Court enter a TRO and immediate Injunction to compel Defendants, Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert with them (collectively, "Election Personnel"):

(a) to allow in-person absentee ballot voting at the Supervisor of Elections' offices through November 6, 2012, or such other and further relief as may be just under the circumstances; and

(b) to provide public notice of these extended voting opportunities by notifying all local media of the extension and by posting notice of the extension at all open election sites.

Dated: November 4, 2012.

By: /s/ Kendall B. Coffey
Kendall B. Coffey, Esq.
Florida Bar No. 259861
KCoffey@coffeyburlington.com
Coffey Burlington PL
2699 S Bayshore Drive PH
Miami, FL 33133-5408
(305) 858-2900

/s/Michael S. Olin
Michael S. Olin, Esq.
Florida Bar No. 220310
molin@olinlawfirm.com
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No. 84179
afw@olinlawfirm.com
Michael S. Olin, P.A.
169 E Flagler Street, Suite 1224
Miami, FL 33131-1205
(305) 677-5088

/s/ Bruce S. Rogow
Bruce S. Rogow, Esq.
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard, Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

/s/ Seth E. Miles
David Buckner, Esq.
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esq.
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard, 11th Fl
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiff's MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF was served by electronic mail this 4th day of November, 2012 to:

KEN DETZNER
SECRETARY OF STATE
STATE OF FLORIDA
Daniel Nordby Daniel.nordby@dos.myflorida.com
850-294-8018

BRENDA C. SNIPES
SUPERVISOR OF ELECTIONS
BROWARD COUNTY, FLORIDA
Burnadette Norris-Weeks – lawyer@fdn.com
954-768-9770

PENELOPE TOWNSLEY
SUPERVISOR OF ELECTIONS
MIAMI-DADE COUNTY
Oren Rosenthal – orosent@miamidade.gov
305-877-1012 (cell); 305-375-2828 (O)

SUSAN BUCHER
SUPERVISOR OF ELECTIONS
PALM BEACH COUNTY
susanbucher@pbcelections.org
561-707-6848 (cell)
Ken Spillias – kspillias@llw-law.com

*s/Alaina Fotiu-Wojtowicz*
Alaina Fotiu-Wojtowicz